**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | |
| Plaintiff, | Civil Action No.:  6:20-cv-1169-ADA |
| v. | |
| SALESFORCE.COM, INC. | **JURY TRIAL DEMANDED** |
| Defendant. | |

## <u>DEFENDANT SALESFORCE'S RULE 12(b)(6) MOTION TO DISMISS</u>

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

I.      LEGAL STANDARD.................................................................................................1

II.     WSOU'S INDIRECT INFRINGEMENT ALLEGATIONS SHOULD BE
        DISMISSED ............................................................................................................2

        A.      WSOU Cannot Plead Pre-Suit Knowledge........................................................2

        B.      WSOU Cannot Plead The Requisite Specific Intent for Induced
                Infringement................................................................................................3

        C.      WSOU Cannot Plead The Requisite Lack of Substantial Non-Infringing
                Uses for Contributory Infringement....................................................................6

III.    CONCLUSION......................................................................................................6

# **TABLE OF AUTHORITIES**

**Page**

### **Cases**

*Achates Reference Pub., Inc. v. Symantec Corp.*,
  2:11-CV-294-JRG-RSP, 2013 WL 693955 (E.D. Tex. Jan. 10, 2013) ............................. 5

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
  620 F. App'x 934 (Fed. Cir. 2015) ............................................................................... 4

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*,
  No. W:13-cv-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ................................ 1, 4

*Affinity Labs of Texas, LLC v. Blackberry Ltd.*,
  No. W:13-CV-362, 2014 WL 12551207 (W.D. Tex. Apr. 30, 2014) ............................... 5

*Artrip v. Ball Corp*,
  735 F. App'x 708 (Fed. Cir. 2018) ............................................................................... 6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................... 1

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................... 1

*Castlemorton Wireless, LLC v. Bose Corp.*,
  No. 6:20-CV-00029-ADA, 2020 WL 6578418 (W.D. Tex. July 22, 2020) ..................... 2

*Commil USA, LLC v. Cisco Sys., Inc.*,
  135 S. Ct. 1920 (2015) ................................................................................................. 2

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
  No. 6:14-CV-751-JDL, 2015 WL 5000397 (E.D. Tex. June 3, 2015) ............................ 5

*DSU Med. Corp. v. JMS Co.*,
  471 F.3d 1293 (Fed. Cir. 2006) ................................................................................... 1, 3

*Fujitsu Ltd. v. Netgear Inc.*,
  620 F.3d 1321 (Fed. Cir. 2010) ................................................................................... 2

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011) .................................................................................................... 2

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012) ................................................................................... 6

*Inhale, Inc v. Gravitron, LLC*,
  No. 1-18-CV-762-LY, 2018 WL 7324886 (W.D. Tex. Dec. 10, 2018) ........................... 6

*MONEC Holding AG v. Motorola Mobility, Inc.*,
  897 F. Supp. 2d 225 (D. Del. 2012) ............................................................................. 4

*Parus Holdings Inc. v. Apple Inc.*,
    No. 6:19-cv-00432-ADA, Text Order Granting D.I. 54 (W.D. Tex. Feb. 20, 2020) ......... 2

*Promotional Techs., LLC v. Facebook, Inc.*,
    No. 3:11-CV-3488-P, 2012 WL 13026789 (N.D. Tex. Sept. 27, 2012) ............................ 3

*Ruby Sands LLC v. Am. Nat'l Bank of Texas*,
    No. 2:15-CV-1955-JRG, 2016 WL 3542430 (E.D. Tex. June 28, 2016) ...................... 3, 5

*VLSI Tech., LLC v. Intel Corp.*,
    No. 6:19-cv-00256-ADA, 2019 WL 11025759 (W.D. Tex. Aug. 6, 2019) ...................... 2

## **Rules**

L.R. CV-7(h) ................................................................................................................... 6

Defendant salesforce.com, inc. ("Salesforce") requests dismissal of Plaintiff WSOU Investments, LLC's ("WSOU")'s claims of indirect infringement for U.S. Patent No. 8,923,899 ("the '899 patent") in this action.[1]  WSOU's induced and contributory infringement allegations are deficient under *Iqbal*/*Twombly* and this Court's basic pleading standards.  The allegations about Salesforce's knowledge – a requisite element of any indirect infringement claim - rest only on the filing of the Complaint itself. This Court has confirmed that this type of allegation is insufficient to mount an indirect infringement claim, since it does not plead any facts for inference of pre-suit knowledge of the asserted patent.  Also fatal to its allegations is WSOU's failure to allege specific intent for induced infringement and lack of substantial non-infringing uses for contributory infringement.  On each of these separate grounds, the Court should grant Salesforce's motion and dismiss WSOU's claims of indirect infringement.

## I.    LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"To succeed on its induced infringement claim, Plaintiff must allege facts showing that [Defendant]: (1) had actual knowledge of the patent; (2) knowingly induced a third-party to infringe the patent; and (3) had specific intent to induce the patent infringement." *Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*, No. W:13-cv-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014) (citing *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006)).

To succeed on a contributory infringement claim, "the patent owner must demonstrate: '1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that

---

[1]   Salesforce concurrently seeks dismissal of WSOU's indirect infringement allegations in each of ten single-patent actions filed on December 18, 2020.  *See* Cases No. 6:20-cv-01163, -01164, -01165, -01166, -01167, -01168, -01169, -01170, -01171, -01172.

the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention.'"  *Id*. at *8 (citing *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)).

## II.   WSOU'S INDIRECT INFRINGEMENT ALLEGATIONS SHOULD BE DISMISSED

### A.   <u>WSOU Cannot Plead Pre-Suit Knowledge</u>

Both induced and contributory infringement require "knowledge of the patent in suit and knowledge of patent infringement."  *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011) (indirect infringement requires "knowledge of the existence of the patent that is [allegedly] infringed" and "knowledge that the induced acts constitute patent infringement.").  With respect to the knowledge requirement, this Court has repeatedly held that failure to plead any facts supporting an allegation of pre-suit knowledge of the asserted patent should result in the dismissal of a plaintiff's indirect infringement claims.  *See Castlemorton Wireless, LLC v. Bose Corp.*, No. 6:20-CV-00029-ADA, 2020 WL 6578418, at *5 (W.D. Tex. July 22, 2020); *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-00432-ADA, Text Order Granting D.I. 54 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims where plaintiff's only allegation of knowledge was that "Defendant Apple has had knowledge of the '431 Patent since at least the filing of the original complaint" and "[b]y the time of trial, Defendant Apple will have known and intended (since receiving such notice) that their continued actions would actively induce the infringement" (D.I. 28 (Am. Compl.) at ¶ 44)); *VLSI Tech., LLC v. Intel Corp.,* No. 6:19-cv-00256-ADA, 2019 WL 11025759, *1-2 (W.D. Tex. Aug. 6, 2019) (dismissing indirect infringement claims with no allegation of actual knowledge and insufficient facts to support allegations of willful blindness).

Like the complaints in the *Castlemorton*, *Parus Holdings*, and *VLSI* cases, the Complaint in this case fails to allege any facts for the Court to reasonably infer that Salesforce had pre-suit

knowledge of the '899 patent.  Indeed, the Complaint only alleges that "Salesforce has received notice and actual or constructive knowledge of the '899 patent since at least the date of service of this Complaint" (D.I. 1, at ¶ 16), and thus does not establish that Salesforce had any pre-suit knowledge of the '899 patent.  Accordingly, the Court should dismiss WSOU's indirect infringement claims.

### B.    WSOU Cannot Plead The Requisite Specific Intent for Induced Infringement

WSOU also fails to plead specific intent in support of its inducement claim.  Allegations of specific intent require factual "'evidence of culpable conduct, directed to encouraging another's infringement, *not merely that the inducer had knowledge of the direct infringer's activities*.'"  *Ruby Sands LLC v. Am. Nat'l Bank of Texas*, No. 2:15-CV-1955-JRG, 2016 WL 3542430, at *3 (E.D. Tex. June 28, 2016) (quoting *DSU Med.*, 471 F.3d at 1306) (emphasis added); *see also Promotional Techs., LLC v. Facebook, Inc.*, No. 3:11-CV-3488-P, 2012 WL 13026789, at *5 (N.D. Tex. Sept. 27, 2012) (dismissing inducement claims where plaintiff's "Original Complaint does not contain any allegations of the Defendants' specific intent to induce or active steps to encourage another's infringement" because "[a] patentee must provide factual allegations in support of the elements of inducement that have some evidentiary support.").

WSOU's allegations of specific intent amount to a conclusory statement that Defendant "actively induced" others to infringe through its advertising and promotional materials and some website citations:

> 17. Since at least the date of service of this Complaint, through its actions, Salesforce has actively induced product makers, distributors, retailers, and/or end users of the Accused Products to infringe the '899 Patent throughout the United States, including within this judicial district, by, among other things, advertising and promoting the use of the Accused Products in various websites, including providing and disseminating product descriptions, operating manuals, and other instructions on how to implement and configure the Accused Products. Examples of such advertising, promoting, and/or instructing include the documents at:

- https://www.gsma.com/newsroom/wp-content/uploads//NG.111-v1.0.pdf
- https://developer.salesforce.com/docs/atlas.en-us.noversion.mc-apis.meta/mc-apis/using-the-mobileconnect-api.htm
- https://developer.salesforce.com/docs/atlas.en-us.noversion.mc-apis.meta/mc-apis/routes.htm
- https://www.salesforce.com/blog/2016/07/computer-telephony-integration-cti-works.html
- https://developer.salesforce.com/docs/atlas.en-us.noversion.mc-apis.meta/mc-apis/postMessageContactSend.htm
- https://developer.salesforce.com/docs/atlas.en-us.noversion.mc-apis.meta/mc-apis/getQueueMODelivery.htm
- https://www.youtube.com/watch?v=QULl2UwcDHI
- https://developer.salesforce.com/docs/atlas.en-us.noversion.mc-apis.meta/mc-apis/sms-status-codes.htm

*See* D.I. 1, at ¶ 17.  These conclusory allegations fail to present any facts demonstrating:  (1) Salesforce knew that the alleged acts infringed, and (2) Salesforce knew that the promotion of its products would induce or encourage others to infringe the asserted patent.  *See Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015)  ("[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement.").

In *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, this Court found that "Plaintiffs generalized allegations that Toyota induced others to infringe the Asserted Patents through its marketing and sales tactics are . . . insufficient" for an induced infringement claim (*see* No. W:13-CV-365, 2014 WL 2892285, at *7 (W.D. Tex. May 12, 2014)) where Plaintiffs alleged that "Toyota and/or its distributors or representatives have sold or otherwise provided Toyota automobiles with sound systems—including at least, for example, the Toyota Tundra—to third parties, such as Toyota's customers" (*see id.,* Dkt. 1, ¶¶ 36, 47 (Nov. 21, 2013).  Similarly, here,

4

WSOU's allegations listing the marketing and promotional websites for the accused product are similarly insufficient to show that Salesforce had specific intent to induce its customers to infringe. *See MONEC Holding AG v. Motorola Mobility, Inc*., 897 F. Supp. 2d 225, 234 (D. Del. 2012) ("Allegations of the marketing activities of the Defendants do not, on their own, demonstrate that Defendants knew such activities were infringing or that Defendants possessed the specific intent to encourage another's infringement."); *see also Affinity Labs of Texas, LLC v. Blackberry Ltd*., No. W:13-CV-362, 2014 WL 12551207, at *6 (W.D. Tex. Apr. 30, 2014) (dismissing induced infringement allegations where "Plaintiff does not specify how the marketing and selling activities of [Defendant] actually induced third-parties to infringe the [asserted patent]."); *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-751-JDL, 2015 WL 5000397, at *4 (E.D. Tex. June 3, 2015), report and recommendation adopted, No. 6:14-CV-751-JRG-JDL, 2015 WL 13885437 (E.D. Tex. July 15, 2015) ("[G]eneric allegations that an alleged infringer provides instructional materials along with the accused products, without more, are insufficient to create a reasonable inference of specific intent for the purposes of an induced infringement claim."); *compare with Achates Reference Pub., Inc. v. Symantec Corp*., 2:11-CV-294-JRG-RSP, 2013 WL 693955, at *3 (E.D. Tex. Jan. 10, 2013) report and recommendation adopted, 2:11-CV-294-JRG-RSP, 2013 WL 693885 (E.D. Tex. Feb. 26, 2013) (noting that since the defendant's software required its customers to complete a mandatory activation step to use its products, thereby utilizing plaintiff's patent, the court could reasonable infer induced infringement since the plaintiff included allegations beyond the mere purchase and usage of a product by a third person).

Moreover, Plaintiff's allegations also fail to provide any specific allegations mapping the advertisement or promotion to the performance of the claimed steps of the patent—*i.e.*, "evidence of culpable conduct, directed to encouraging another's infringement." *Ruby Sands*, 2016 WL 3542430, at *3. WSOU's inducement claim should be dismissed because the Complaint is entirely

deficient on a key requirement of induced infringement.

### C.    WSOU Cannot Plead The Requisite Lack of Substantial Non-Infringing Uses for Contributory Infringement

WSOU's contributory infringement allegations also fail because WSOU did not "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Inhale, Inc v. Gravitron, LLC*, No. 1-18-CV-762-LY, 2018 WL 7324886, at *2 (W.D. Tex. Dec. 10, 2018) (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig*., 681 F.3d 1323, 1344–46 (Fed. Cir. 2012)).  WSOU has not done so and cannot do so. WSOU's allegations amount to little more than a conclusory statement that repeats the legal elements.  For the instant action, WSOU alleges that:

> 18. Since at least the date of service of this Complaint, through its actions, Salesforce has contributed to the infringement of the '899 Patent by having others sell, offer for sale, or use the Accused Products throughout the United States, including within this judicial district, with knowledge that the Accused Products infringe the '899 Patent. The Accused Products are especially made or adapted for infringing the '899 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Accused Products contain functionality which is material to at least one claim of the '899 Patent.

*See* D.I. 1, at ¶ 18.  As the Federal Circuit held in *Artrip v. Ball Corp*, conclusory allegations such as these are not enough.  735 F. App'x 708, 713 (Fed. Cir. 2018) (affirming dismissal of a contributory infringement claim where the "complaint did not plausibly assert facts to suggest that [Defendant] was aware of the patents or facts to suggest that the [Accused Product] it supplied had no substantial noninfringing use").  WSOU's failure to raise a plausible inference of no substantial non-infringing uses and materiality is fatal to its contributory infringement claim, and as such it should be dismissed.

## III.    CONCLUSION

Salesforce respectfully requests that the Court dismiss WSOU's allegations of indirect infringement for the '899 patent.  Pursuant to L.R. CV-7(h), Salesforce requests an oral hearing

on the foregoing motion.

Dated:  May 6, 2021

*/s/ Kevin P.B. Johnson*
Scott L. Cole
scottcole@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
201 West 5th Street
11th Floor
Austin, TX 78701
Telephone: (737) 667-6104

Kevin P.B. Johnson
kevinjohnson@quinnemanuel.com
Todd Briggs
toddbriggs@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Sam Stake
samstake@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, Floor 22,
San Francisco CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Counsel for Defendant salesforce.com, inc.*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on May 6, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

Dated:  May 6, 2021                              */s/ Scott L. Cole*
                                                            Scott L. Cole